1

2

3                          UNITED STATES DISTRICT COURT

4                               DISTRICT OF NEVADA

5                                      * * *

6    THE ESTATE OF JILL ANN ESCHE, *et              Case No. 3:21-cv-00520-MMD-CLB
     al.*,

7                                                   ORDER
                              Plaintiffs,

8          v.

9    RENOWN REGIONAL MEDICAL
     CENTER, *et al.*,

10
                              Defendants.

11

12   **I.    SUMMARY**

13         After the death of Jill Ann Esche, Plaintiffs The Estate of Jill Ann Esche, Sierra Jill

14   Wofford by and through her guardian ad litem Wayne Wofford, and Cameron Scott Esche

15   sued Defendants Renown Regional Medical Center, Marta J. Bunuel-Jordana, M.D.,

16   Caroline Vasendin, M.D., Johanna Gruen, PhD., Earle Oki, M.D., Maegen Smith, RN, and

17   Caitlin E. Herschel, RN, alleging civil rights violations and negligence claims. (ECF No. 6

18   ("Complaint").) Before the Court is Defendant Earle Oki's motion to dismiss (ECF No. 18)

19   all of Plaintiff's claims against him.[1] As further explained below, because Plaintiffs fail to

20   sufficiently allege that Oki is a state actor, the Court finds that Plaintiffs fail to state a claim

21   against Oki. The Court will therefore grant the motion but will grant Plaintiffs leave to

22   amend their claims.

23   **II.   BACKGROUND**

24         The Court adapts the following allegations from the Complaint. Plaintiffs allege

25   that, beginning in late October 2020, Defendants sought and obtained court orders from

26   the Washoe County Second Judicial District Court to involuntarily commit Jill Esche, then

27   approximately 31 weeks pregnant, for over a month until almost immediately after she

28

_____

     [1]Plaintiffs responded (ECF No. 27), and Defendants replied (ECF No. 29).

1  gave birth to her child Sierra Wofford by Caesarean section surgery on November 20,

2  2020. (ECF No. 6 at 5-7.) Plaintiffs further allege that Defendants forcibly administered

3  medication and repeatedly reported to the state court that Esche was "not medically

4  cleared" to participate in hearings related to her involuntary hold. (*Id.* at 6-7.) Plaintiffs

5  also allege that Defendants discharged Esche from the hospital on November 22, 2020,

6  and several hours later, Esche was found deceased. (*Id.* at 8-9.)

7        As pertinent to the motion, Plaintiffs allege, specifically as to Oki, that: (1) Oki is "a

8  licensed physician in the State of Nevada [and] resident of Washoe County"; (2) Oki is an

9  "apparent or ostensible agent[]" of Renown "acting within the course and scope of [his]

10  employment"; (3) Oki evaluated Esche upon her arrival to Renown on October 20, 2020;

11  (4) Smith and Herschel, following Oki's orders, discontinued Esche's "PICC line" before

12  her discharge on November 22, 2020; (5) Oki, as Esche's "treating medical physician,"

13  "recommended continued inpatient treatment and observation" after Esche delivered her

14  baby via Caesarean section surgery on November 20, 2020; and (6) Smith and Herschel,

15  upon Oki's orders, discharged Esche from Renown's care "against medical advice." (*Id.*

16  at 3-5, 8, 13-14.)

17        Plaintiffs further allege that "Renown and the individual defendants acted under

18  color of state law by so closely collaborating with state actors in the detention, evaluation,

19  treatment, and failure to make Jill available for Court evaluation as to make their actions

20  indistinguishable from the State's, and by serving the public functions of confining

21  involuntarily committed individuals and providing them mental health evaluation and

22  treatment services." (*Id.* at 10, 12-13.)

23        Plaintiffs have asserted five causes of action against Defendants: (1) 42 U.S.C. §

24  1983 ("Section 1983") – Fourth Amendment; (2) Section 1983 – Fourteenth Amendment;

25  (3) Section 1983 – Failure to Train/Supervise; (4) Wrongful Death/Medical Negligence;

26  and (5) General Negligence. (*Id.* at 10-16.) Oki now moves to dismiss all claims asserted

27  against him under Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiffs fail to

28  allege sufficient facts to state a claim for relief against him under Section 1983 or state

1    law. (ECF No. 18 at 1.) Plaintiffs oppose Oki's motion to dismiss and argue that they have

2    pleaded facially plausible claims. (ECF No. 27.)

3    **III.    LEGAL STANDARD**

4    　　　　A court may dismiss a plaintiff's complaint for "failure to state a claim upon which

5    relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pleaded complaint must provide

6    "a short and plain statement of the claim showing that the pleader is entitled to relief."

7    Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal

8    quotations and citation omitted). While Rule Eight does not require detailed factual

9    allegations, it demands more than "labels and conclusions" or a "formulaic recitation of

10   the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing

11   *Twombly*, 550 U.S. at 555) (internal quotations omitted). "Factual allegations must be

12   enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

13   Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to

14   "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting

15   *Twombly*, 550 U.S. at 570).

16   　　　　In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to

17   apply when considering motions to dismiss. *See id.* at 678-79. First, a district court must

18   accept as true all well-pleaded factual allegations in the complaint; however, legal

19   conclusions are not entitled to the assumption of truth. *See id.* at 678. Mere recitals of the

20   elements of a cause of action, supported only by conclusory statements, do not suffice.

21   *See id.* Second, a district court must consider whether the factual allegations in the

22   complaint allege a plausible claim for relief. *See id.* at 679. A claim is facially plausible

23   when the plaintiff's complaint alleges facts that allow a court to draw a reasonable

24   inference that the defendant is liable for the alleged misconduct. *See id.* at 678. Where

25   the complaint does not permit the Court to infer more than the mere possibility of

26   misconduct, the complaint has "alleged—but it has not show[n]—that the pleader is

27   entitled to relief." *Id.* at 679 (alteration in original) (internal quotation marks and citation

28   omitted). That is insufficient. When the claims in a complaint have not crossed the line

1   from conceivable to plausible, the complaint must be dismissed. *See Twombly*, 550 U.S.

2   at 570.

3   **IV.    DISCUSSION**

4          Oki seeks dismissal of all claims asserted against him. (ECF No. 18 at 1.) Plaintiffs

5   concede that only the first two causes of action, Section 1983 claims based on violations

6   of the Fourth Amendment and Fourteenth Amendment, respectively, are brought against

7   Oki.[2] (ECF No. 27 at 2.) The Court thus addresses Oki's motion as to only the two

8   challenged Section 1983 claims. The Court then addresses whether it will grant Plaintiff

9   leave to amend the claims that the Court agrees with Defendants should be dismissed.

10         **A.     Section 1983 Claims – State Action**

11         As a threshold matter, Oki correctly notes that Plaintiffs' opposition raises new

12  allegations and cites to records, specifically Defendants' initial disclosures, not included

13  with the Complaint. (ECF No. 29 at 2-5.) The Court agrees with Oki that it is improper for

14  the Court to consider new assertions and such evidence at the motion to dismiss stage.

15  *See Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003) ("In determining the

16  propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a

17  plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion

18  to dismiss.") (internal quotations, emphasis, and citation omitted). The Court will therefore

19  not consider Plaintiffs' new allegations or citations to initial disclosures in deciding this

20  motion.[3]

21  ///

22  ///

23

24         [2]Because Plaintiffs concede that they do not assert their fourth and fifth causes of action against Oki, the Court need not—and does not—address Oki's arguments and Plaintiffs' counterarguments about whether Plaintiffs were required to comply with and

25  have indeed complied with NRS § 41A.071, which appear to be directed at the fourth and fifth claims. (ECF No. 27 at 2; ECF No. 18 at 11-14.)

26

27         [3]But to be clear, the Court may—and will—consider allegations raised for the first time in Plaintiffs' opposition papers in determining whether to grant leave to amend or to dismiss the complaint with or without prejudice. *See Orion Tire Corp. v. Goodyear Tire &*

28  *Rubber Co.*, 268 F.3d 1133, 1137-38 (9th Cir. 2001).

1   Oki argues that Plaintiffs fail to state a claim against him under Section 1983

2  because Plaintiffs do not sufficiently plead that he is a state actor.[4] (ECF No. 18 at 6-9.)

3  Plaintiffs respond that Oki's actions are "inextricably intertwined with the state's process

4  to involuntarily restrict" Esche's freedom. (ECF No. 27 at 1.) As explained below, the

5  Court agrees with Oki.

6   To state a claim under Section 1983, a plaintiff "must allege the violation of a right

7  secured by the Constitution and the laws of the United States, and must show that the

8  alleged deprivation was committed by a person acting under color of law." *West v. Atkins*,

9  487 U.S. 42, 48-49 (1988) (citations omitted). A private entity may be subject to liability

10  under Section 1983 in certain situations. *See Villegas v. Gilroy Garlic Festival Ass'n*, 541

11  F.3d 950, 954 (9th Cir. 2008). But the Court must begin its analysis with the presumption

12  that private conduct does not constitute governmental action. *See Sutton v. Providence

13  St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999). "State action may be found if,

14  though only if, there is such a close nexus between the State and the challenged action

15  that seemingly private behavior may be fairly treated as that of the State itself." *Villegas*,

16  541 F.3d at 955 (quoting *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531

17  U.S. 288, 295 (2001)) (internal quotations and brackets omitted).

18   Plaintiffs' allegations do not establish that Oki is a state actor. As to Plaintiffs' first

19  and second causes of action, the Complaint contains no specific allegations against Oki,

20  much less any specific allegations that Oki is a state actor. (ECF No. 6 at 10-13.) In fact,

21  Oki is only mentioned by name six times throughout the entire 18-page Complaint, as

22  detailed above. (*Id.* at 3-5, 8, 13-14.) Taken as true, none of those specific allegations,

23  which merely identify Oki as Esche's physician at Renown and a few of his orders and

24  recommendations regarding Esche's obstetrics treatment and discharge, suggest a

25  "close nexus" between the government and Oki's actions while employed at a private

26

27  [4]Oki also argues that Plaintiffs fail to allege sufficient facts that Oki violated Esche's Fourth and Fourteenth Amendment rights. (ECF No. 18 at 9-11.) It appears that Oki is

28  likely correct because, as discussed further below, specific allegations against Oki in the Complaint are sparse and not directly connected to the alleged violations. (ECF No. 6.) But the Court need not—and does not—address those arguments to reach its conclusion.

1   hospital. (*See id.*) *See also Villegas*, 541 F.3d at 955. Moreover, they bear no meaningful

2   connection to the alleged "state action" of Plaintiffs' first two claims, which appears to be

3   based on Defendants' continued involuntary commitment of Esche and preventing Esche

4   from participating in hearings regarding her involuntary hold. (ECF No. 6 at 10-13.) The

5   Court therefore finds these specific allegations against Oki do not sufficiently plead state

6   action.

7         As to the first two causes of action, the Complaint contains some allegations that

8   tend to show state action, but those allegations similarly do not establish that Oki is a

9   state actor. First, Plaintiffs broadly allege that "Renown and the individual defendants

10   acted under color of state law by so closely collaborating with state actors . . . as to make

11   their actions indistinguishable from the State's." (*Id.* at 10, 12.) Oki argues that Plaintiffs'

12   allegation here is "vague and conclusory" and makes "no connection" between Oki's

13   actions that can "fairly be attributed to the government." (ECF No. 18 at 8.) The Court

14   agrees with Oki and finds that Plaintiffs' broad allegation is a legal conclusion not entitled

15   to the assumption of truth and therefore insufficient to state a plausible claim. *See Iqbal*,

16   566 U.S. 662, 678.

17         Second, the Court also agrees with Oki that to the extent the "state action" is based

18   on allegations of extending the legal hold of Esche, those allegations are not directed at

19   Oki but specifically at Defendants Renown, Vasendin, Gruen, and Bunuel. (ECF No. 6 at

20   11.) And to the extent the "state action" is based on allegations of preventing Esche from

21   exercising her due process rights, those allegations are broadly directed at unspecified

22   Defendants with no factual assertions connecting such allegations to Oki, as the Court

23   found above. (*Id.* at 12-13.)

24         Lastly, the Court finds unpersuasive Plaintiffs' various arguments in response.

25   While it may be true, as Plaintiffs argue, that "a determination of whether a party is a state

26   actor is an intensive, specific factual analysis," Plaintiffs still fail to sufficiently allege that

27   Oki is a state actor. (ECF No. 27 at 6.) And Plaintiffs' reliance on *Rawson v. Recovery*

28   *Innovations, Inc.*, 975 F.3d 742 (9th Cir. 2020), to argue that Oki is a state actor is similarly

1    unpersuasive. (ECF No. 27 at 7-10.) In *Rawson*, the Ninth Circuit, reversing a district

2    court's grant of summary judgment, held that a private hospital and some of its employees

3    were acting as state actors when they allegedly wrongfully detained the plaintiff, forcibly

4    injected him with antipsychotic medications, and misled a court into extending his period

5    of involuntary commitment. *See* 975 F.3d at 745. Plaintiffs analogize this case to *Rawson*

6    using new allegations specifically directed at Oki (*e.g.*, "that Oki himself 'renewed' the

7    legal hold") and supported by citations to records not included in the Complaint that,

8    again, the Court cannot consider. (ECF No. 27 at 9-10.) Plaintiffs' *Rawson* arguments are

9    therefore unpersuasive at this stage.

10          Accordingly, Plaintiffs have not rebutted the presumption that private conduct does

11   not constitute governmental action and fail to state a claim under Section 1983 against

12   Oki. *See* Sutton, 192 F.3d at 835. The Court will thus dismiss all claims against Oki.

13          **B.     Leave to Amend**

14          Plaintiffs request leave to amend if the Court dismisses any of Plaintiffs' claims

15   against Oki. (ECF No. 27 at 10.) Oki argues that amendment will not cure Plaintiffs' "fatal

16   defect" in their Section 1983 claims against him. (ECF No. 29 at 10-11.) As explained

17   below, the Court disagrees with Oki and grants Plaintiffs leave to amend.

18          The Court has discretion to grant leave to amend and should freely do so "when

19   justice so requires." Fed. R. Civ. P. 15(a); *see also Allen v. City of Beverly Hills*, 911 F.2d

20   367, 373 (9th Cir. 1990). Nonetheless, the Court may deny leave to amend if it will cause:

21   (1) undue delay; (2) undue prejudice to the opposing party; (3) the request is made in bad

22   faith; (4) the party has repeatedly failed to cure deficiencies; or (5) the amendment would

23   be futile. *See Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

24   Facts raised for the first time in a plaintiff's opposition papers should be considered by

25   the Court in determining whether to grant leave to amend or to dismiss the complaint with

26   or without prejudice. *See Orion Tire Corp.*, 268 F.3d at 1137-38.

27          As evidenced by Plaintiffs' attempts to assert new allegations against Oki in their

28   opposition brief, amendment is unlikely to be futile. (ECF No. 27.) Moreover, Plaintiffs

1   have not previously amended their Complaint and therefore have not repeatedly failed to

2   cure deficiencies. The Court thus finds that leave to amend is appropriate with respect to

3   Plaintiffs' claims against Oki. Plaintiffs must file their amended complaint containing

4   amended allegations against Oki within 30 days.

5   **V.       CONCLUSION**

6         The Court notes that the parties made several arguments and cited to several

7   cases not discussed above. The Court has reviewed these arguments and cases and

8   determines that they do not warrant discussion as they do not affect the outcome of the

9   motion before the Court.

10        It is therefore ordered that Defendant Earle Oki's motion to dismiss (ECF No. 18)

11  is granted, but the Court grants Plaintiffs leave to amend.

12        It is further ordered that Plaintiffs must file their amended complaint containing

13  amended allegations to cure the deficiencies identified herein against Oki within 30 days.

14  Failure to do so will result in dismissal of the claims against Oki with prejudice.

15        DATED THIS 21st Day of September 2022.

16

17

18                                    _____
                                      MIRANDA M. DU
                                      CHIEF UNITED STATES DISTRICT JUDGE
19

20

21

22

23

24

25

26

27

28